UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL SCHWARTZ and DONNA SCHWARTZ | : : : |
| Plaintiffs, | : NO. 3:05CV1427(MRK) : : |
| v. | : : |
| TOWN OF PLAINVILLE, *et al.*, | : : |
| Defendants. | : |

## RULING AND ORDER

In this case, Plaintiffs sued the Town of Plainville, several town police officers, American Medical Response ("AMR") and several of AMR's Emergency Medical Technicians ("EMTs") for alleged injuries arising from an incident on the evening of August 19, 2002, when police and EMTs were called to Plaintiffs' home in connection with a medical emergency involving Mr. Schwartz. In several counts asserting claims under 42 U.S.C. § 1983, Plaintiffs allege that Defendants violated their Fourth Amendment rights by subjecting Mr. Schwartz to excessive force and by unlawfully searching Plaintiffs' bedroom. They also sue under state law for intentional infliction of emotional distress and for bystander emotional distress. Presently pending before the Court are motions for summary judgment by all Defendants. *See* Defendants' Motion for Summary Judgment [doc. # 52]; Defendant's Motion for Summary Judgment [doc. # 53].

The facts are well known to the parties and need not be repeated here. As a preliminary matter, the Court notes that at oral argument on April 4, 2007, Plaintiffs' counsel acknowledged that even though the Town of Plainville had been named in the original Complaint [doc. # 1] and Amended Complaint [doc. # 18] in this action, the Town had been dropped from the action when

Plaintiffs filed their Second Amended Complaint. *See* Second Amended Complaint [doc. # 31]. Therefore, judgment may enter in favor of the Town of Plainville. Judgment should also enter for AMR on the claims in Count Three for violation of § 1983. At argument, Plaintiffs' counsel agreed that AMR cannot be liable under § 1983 on a theory of *respondeat superior*, which is the only theory asserted. A private employer such as AMR cannot be held liable for its employees' constitutional torts unless the employees acted pursuant to a policy of the employer. *See, e.g.*, *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990). Plaintiffs make no claim of such a policy. Therefore, judgment will enter in favor of AMR on Count Three of the Second Amended Complaint.

Next, several police officers and EMTs who were named in Plaintiffs' Amended Complaint [doc. # 18] argue that they are entitled to summary judgment because all claims against them are time-barred. The statute of limitations for § 1983 claims and general tort claims in Connecticut is three years. *See, e.g.*, *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (holding that in Connecticut, the general three-year personal injury statute of limitations set forth in Conn. Gen. Stat. § 52-577 is the appropriate limitations period for civil rights actions under § 1983). Therefore, the parties agree that the statute of limitations on Plaintiffs' claims expired on August 19, 2005, which is the date on which Plaintiffs filed their original Complaint [doc. # 1] in state court. The original Complaint sued only two Plainville police officers and two EMTs by name, but also purported to assert claims against certain "John Doe" officers and EMTs. In their Amended Complaint [doc. # 18] filed on November 14, 2005, well beyond the three-year limitations period, Plaintiffs identified the John Doe officers and EMTs and sought to assert claims against them. Because the amendment came after the expiration of the statute of limitations, Plaintiffs' claims against the newly-named officers and EMTs are timely only if the Amended Complaint relates back to the time of the filing

of the original Complaint. Second Circuit case law is clear that it does not.

The Second Circuit has explained that "[i]t is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations, because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Aslanidas v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993). Rule 15(c)(3) of the *Federal Rules of Civil Procedure* expressly provides that so long as specified conditions are satisfied, certain amendments changing the name of a party against whom a claim is asserted can relate back to the original pleading. However, the Second Circuit has held that "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Barrow v. Wethersfield*, 66 F.3d 466, 470 (2d Cir. 1995), *op'n mod'd and aff'd*, 74 F.3f 1366, 1367 (2d Cir. 1996). The court went on to add, "Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties (under ceratin circumstances), but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." *Id.*; *see Tapia-Ortiz v. Doe,* 171 F.3d 150, 152 (2d Cir. 1999) (same); *Reed v. Hartford Police Dep't*, No. 3:03cv2147 (SRU)(WIG), 2006 WL 2349591, at *5-*6 (D. Conn. July 25, 2006) (amendment to identify names of originally sued "John Doe" police officers did not relate back to original complaint and were, therefore, time-barred); *Shell v. Brzezniak*, 365 F. Supp. 2d 362, 367-68 (W.D.N.Y. 2005) (same); *Sepulveda v. New York*, No. 01cv3117 (GBD), 2003 WL 22052870, at *3 (Sept. 2, 2003) (same).

Here, Plaintiffs failed to name the additional officers and EMTs in the original Complaint not because they made a mistake within the meaning of Rule 15(c), but rather, because they did not

3

know the individuals' identities.[1] This case is thus identical to *Barrow*, *Tapia-Ortiz* and the other cases cited above. Because the amendment adding those Defendants to the case did not relate back to the filing of the original Complaint, the claims against those Defendants are time-barred. Therefore, judgment should enter in favor of Plainville Police Officers Guidice, Duval, Buden and Smedick and EMTs Andrews, Szumigala and Hodge on all claims in the Second Amended Complaint.[2]

Judgment should also enter in favor of EMTs Walsh and Berscler on Plaintiffs' § 1983 claims in Count Four. Plaintiffs' § 1983 claim against these two EMTs is limited to a Fourth Amendment excessive force claim; Plaintiffs do not allege that the EMTs were involved in any illegal search of Plaintiffs' premises. The parties hotly dispute whether the EMTs were state actors on the evening of August 19, 2002, but the Court need not decide that issue. For there is absolutely no evidence that either of these two individuals subjected Mr. Schwartz to any excessive force. Indeed, Mrs. Schwartz testified at her deposition as follows:

> Q. Now, tell me at any point did you see any of the ambulance personnel, the AMR personnel, restraining your husband?
> A. No, I did not.
> Q. Did you see the AMR personnel ever strike your husband?
> A. No, I did not.

---

[1] Some courts have permitted relation back in certain circumstances, none of which applies here. *See, e.g., Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 36 (2d Cir. 1996) (*pro se* plaintiff failed to name a party because of a mistake about who was a proper party); *Byrd v. Abate*, 964 F. Supp. 140, 147 (S.D.N.Y. 1997) (defendant failed to respond to plaintiff's demands for information that would have identified John Does until after limitations period had expired); *Thomas v. Arevalo*, No. 95 Civ. 4704(SS), 1998 WL 427623, at *14 (S.D.N.Y. July 28, 1999) (*pro se* plaintiff relied on confusing orders of the court in deciding whether and when to amend).

[2] The Second Amended Complaint also includes one additional "John Doe" police officer. For the same reasons set forth in the text, the Court also dismisses any claims against any John Doe defendants as time-barred.

| | | |
|---|---|---|
| Q. | You used the word in your statement "jab a needle into his shoulder." Was that done to give an injection? | |
| A. | Yes, it was. | |
| Q. | And -- | |
| A. | Quickly. | |
| Q. | Quickly? | |
| A. | That's what it looked like to me. | |
| Q. | But it wasn't done to irritate or antagonize your husband, rather than it was to give him some medication? | |
| A. | Correct. | |
| Q. | Did you see at any time any of the AMR personnel mishandle your husband? | |
| A. | No, I did not. | |

Motion for Summary Judgment [doc. # 53] Ex. 4 at 116-17 (D. Schwartz Depo.). Mr. Schwartz has no recollection of the events on August 19, 2002. And all of the police officers and EMTs testified consistently that no EMT ever applied any force to Mr. Schwartz (other than to give him a needed shot), let alone excessive force. As a result, at oral argument, Plaintiffs' counsel conceded, as he must, that he had no evidence that either of the EMTs personally ever subjected Mr. Schwartz to any excessive force.

Nevertheless, Plaintiffs believe that the police officers' alleged excessive force must be "imputed" (Plaintiffs' counsel's word) to the EMTs, because they were on the scene at the time the officers allegedly subjected Mr. Schwartz to excessive force and they were jointly engaged with the officers in an effort to get Mr. Schwartz from his bedroom into the ambulance. However, Plaintiffs' counsel acknowledged that he had no evidence of any conspiracy or agreement among the officers and the EMTs to subject Mr. Schwartz to excessive force, no evidence that the EMTs ever directed or supervised the police officers in what they were doing, and no evidence that the EMTs were in control of the situation or could have ordered the police officers to stop what they were doing. In those circumstances, there is no basis to impute to the EMTs the intentional and allegedly wrongful

5

conduct of the Plainville police officers. *See, e.g.*, *Patterson v. County of Oneida*, 375 F.3d 206, 229 (2d Cir. 2004) ("[A] plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity under § 1983."); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks omitted)).

Accordingly, EMTs Walsh and Berscler are entitled to judgment on Plaintiffs' § 1983 claims, the only federal claims against these Defendants. However, these EMTs are also sued on state law claims for intentional infliction of emotional distress and bystander emotional distress. While 28 U.S.C. § 1367(a) permits a court to exercise supplemental jurisdiction over parties in certain circumstances, Plaintiffs (who originally field the action in state court) do not urge the Court to do so in this case. Therefore, the Court will decline to exercise supplemental jurisdiction over the state law claims against EMTs Walsh and Berscler and dismiss those claims without prejudice to Plaintiffs asserting them in state court.

Given the foregoing rulings, the only defendants left in the case are Plainville Officers Posada and Quilter and the only claims left in the case are a § 1983 claim for use of excessive force and for an unlawful search, and state law claims for intentional infliction of emotional distress and for bystander emotional distress. As was made clear at oral argument, there are a host of factual disputes that preclude the grant of summary judgment on these claims. For example, Defendants argue that there was no search of Plaintiffs' bedroom and that in any event, any such search was reasonable in the circumstances. Plaintiffs dispute both claims and provide facts to support their position that their

6

bedroom was in fact searched and that any such search was unreasonable because Mrs. Schwartz was present, was never asked for her consent to such a search, and never consented to such a search. It is also clear that Mr. Schwartz received a number of bruises and lacerations on August 19, 2002, but there are genuine issues of material fact regarding who was responsible for inflicting the bruises, whether the bruises were the result of reasonable conduct by the police when faced with an individual who was not cooperating and perhaps was combative, whether Mr. Schwartz was in fact combative or cooperative, and whether Plaintiffs suffered any injury or emotional distress as a result of the alleged police conduct.

The officers urge this Court to decide their assertion of qualified immunity on the excessive force claim. However, the Second Circuit has repeatedly noted that "[s]ummary judgment on qualified immunity grounds is not appropriate when there are facts in dispute that are material to a determination of reasonableness." *Thomas v. Roach*, 165 F.3d 137, 143 (2d Cir. 1999); *see also Kerman v. City of N.Y.*, 261 F.3d 229, 239 (2d Cir. 2001) (reversing grant of judgment as a matter of law on excessive force claim because "the contrasting accounts . . . present factual issues as to the degree of force actually employed and its reasonableness"); *Robison v. Via*, 821 F.2d 913, 923 (2d Cir. 1987) (stating that "[w]hether the constitutional line has been crossed depends on such factors as . . . whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm") (internal quotation marks omitted). The Court is satisfied that there are such material disputes of fact in this case and therefore summary judgment is inappropriate on the § 1983 claims. As to Plaintiffs' state law claims for emotional distress, the Court is skeptical that Plaintiffs will be able to satisfy the standards for those claims, but since there will need to be a trial on the § 1983 claims and since the state law claims involve the

same facts, the Court will deny summary judgment on those claims subject to Defendants' right to renew their motion at trial in the form of a motion for judgment as a matter of law under Rule 50(a) of the *Federal Rules of Civil Procedure*.[3]

In summary, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Summary Judgment [doc. # 52] and Motion for Summary Judgment [doc. # 53].

As to the AMR Defendants' Motion [doc. # 53] the Court:

(1) GRANTS summary judgment for AMR on Count Three of the Second Amended Complaint;

(2) GRANTS summary judgment for Defendants Andrews, Szumigala and Hodge on all counts of the Second Amended Complaint;

(3) GRANTS summary judgment for Defendants Walsh and Berscler on Count Four of the Second Amended Complaint; and

(4) DISMISSES the state law claims against Defendants' Walsh and Berscler in Counts Five, Six and Seven without prejudice to Plaintiff pursuing those claims in state court.

As to the Plainville Defendants' Motion [doc. # 52], the Court:

---

[3] Defendants argue that Mrs. Schwartz's bystander emotional distress claim is barred by the two-year statute of limitations provided in Conn. Gen. Stat. § 52-584. If Plaintiffs' claim for bystander emotional distress were founded on negligence or reckless conduct, the Court would agree with Defendants. However, as Plaintiffs make clear in their Opposition, the bystander emotional distress claim, Count Seven, is based on allegations of intentional misconduct on the part of the Plainville police officers, not negligence. Therefore, Plaintiffs' claim is governed by Connecticut's general three-year tort statute of limitations, Conn. Gen. Stat. § 52-577 and is not time-barred. *See Travelers Indemnity Co. v. Rubin*, 209 Conn. 437, 441 (1988) ("The three-year limitation of § 52-577 is applicable to all actions founded upon a tort which do not fall within those causes of action carved out of § 52-577 and enumerated in § 52-584 or another section.").

(1) GRANTS summary judgment to the Town of Plainville on all counts of the Second Amended Complaint;

(2) GRANTS summary judgment for Defendants Guidice, Duval, Buden and Smedick on all counts of the Second Amended Complaint;

(3) DENIES summary judgment for Defendants Posadas and Quilter on Counts Two, Five, Six and Seven of the Second Amended Complaint.

The Court will issue a separate order setting a schedule for trial and the Joint Trial Memorandum.

IT IS SO ORDERED,

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: April 9, 2007**